IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00972-ZLW

WILLIAM GARCIA,

    Applicant,

v.

JOE ORTIZ, Executive Director DOC,
LARRY REID, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 20 2006

GREGORY C. LANGHAM
CLERK

## ORDER DENYING PETITION FOR RECONSIDERATION

Applicant William Garcia has filed a *pro se* "Petition for Rehearing (Reconsider) and/or for leave to file upon Exhaustion of State Court Remedies." In the Petition, Mr. Garcia asks that the Court vacate the November 16, 2006, Order and Judgment of Dismissal and dismiss the action for failure to exhaust state court remedies with leave to refile when he has exhausted his state remedies.

The Court must construe the Petition liberally because Mr. Garcia is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Petition will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a [petition] to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a [petition] seeking relief from the

judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). Although the Petition for reconsideration was not filed until December 11, 2006, the certificate of mailing indicates that Mr. Garcia placed the Petition in the prison mailing system on November 27, 2006. Pursuant to the prisoner mailbox rule, **see Houston v. Lack**, 487 U.S. 266, 270 (1988), the Court will deem the Petition filed on November 27, 2006. The Court, therefore, finds that the Petition was filed within ten days after the Court's Order and Judgment of Dismissal. **See** Fed. R. Civ. P. 6(a) (time periods of less than eleven days exclude intervening Saturdays, Sundays, and legal holidays). As a result, the Court will construe the Petition as filed pursuant to Rule 59(e). **See Van Skiver**, 952 F.2d at 1243.

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. **See Shields v. Shetler**, 120 F.R.D. 123, 126 (D. Colo. 1988). Mr. Garcia does not allege the existence of any new law or evidence, and he fails to convince the Court of the need to correct clear error or prevent manifest injustice.

The Court dismissed the instant habeas corpus action because Mr. Garcia failed to comply with Magistrate Judge Boyd N. Boland's August 21, 2006, Order within the time allowed. Although Mr. Garcia attempts to explain why he failed to comply within the time allowed, the Court finds that Applicant now has expressed, in the Petition, other reasons why the action should be dismissed. Applicant states in the Petition that he currently has postconviction proceedings pending in state court. He also concedes

that he has not exhausted his state court remedies with respect to the claims he raises in the instant action.

The action was dismissed without prejudice. The Court finds no reason to vacate the November 16, 2006, Order and Judgment of Dismissal. Mr. Garcia may seek to file a new § 2254 action in this Court, as he requests in the Petition that he be able to do, once he has exhausted his state remedies. Accordingly, it is

ORDERED that the Petition, filed on December 11, 2006, is construed as filed pursuant to Fed. R. Civ. P. 59(e) and is denied.

DATED at Denver, Colorado, this 19 day of Dec., 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00972-BNB

William Garcia
Prisoner No. 63442
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215- 0777

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 12/20/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk